PER CURIAM.
We affirm the denial of defendant’s 3.800 motion. Defendant was sentenced to 27 years incarceration with a three-year minimum mandatory on charges of second-degree murder with a firearm, (counts I & II), attempted second-degree murder (count III), armed robbery (count TV) and burglary with an assault (count V). A guidelines score-sheet was prepared which properly reflected the second-degree murder counts to be life felonies, due to enhancement from first-degree felonies to life felonies by virtue of the charged use of a firearm under section 775.087, Florida Statutes (1993). The score-sheet accurately reflects the degree of felony regarding each charged count, as enhanced, and the total points and recommended and permitted range.
Defendant is apparently under the mistaken belief that the statutorily enumerated degree of felony for punishment/sentencing purposes is equal to the degree of murder to which he pled gufity. This is clearly not the case. Both the handwritten and typewritten scoresheets attached to defendant’s motion correctly refer to the appropriate Florida statute. We therefore find no error in the trial court’s order denying defendant’s 3.800 motion.
The state points out that a typographical error exists in the typewritten judgment herein. Specifically, at counts I and II, the offense statute number reads “784.04(1)” when it should read “782.04(1)”, as properly reflected on the handwritten seoresheet which immediately precedes it. Accordingly, as modified, we affirm the order under review.